**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20491
Summary Calendar

MICHAEL R. WILLIAMS,

Plaintiff-Appellee/Cross-Appellant,

versus

CENTRAL CARTAGE COMPANY,

Defendant-Appellant/Cross-Appellee.

Appeals from the United States District Court
For the Southern District of Texas
(H-95-CV-4331)

June 10, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

POLITZ, Chief Judge:[*]

Central Cartage Company appeals an adverse jury verdict in a lawsuit

brought by Michael R. Williams under the Employment Retirement Income

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Security Act (ERISA).[1]  Williams cross-appeals from the partial denial of his attorney's fees motion.  For the reasons assigned, we modify and, as modified, affirm the judgment appealed.

## BACKGROUND

Williams was a participant in the Central Cartage Company Employee Benefit Plan, a self-funded health care plan.  The Plan was sponsored and administered by Central Cartage Company.  In June 1993 Williams underwent surgery to remove impacted wisdom teeth.  The surgery was performed in a hospital on the recommendation of Williams' oral surgeon, Dr. Oscar Maldonado.  As a result of the extraction of his wisdom teeth, Williams incurred medical bills totaling approximately $6,000.

Williams requested benefits from the Plan under both the dental and major medical provisions.  Determining that hospitalization for the extraction of wisdom teeth was not "reasonably necessary", Central Cartage denied coverage of all charges relating to Williams' hospitalization and, instead, paid an amount it deemed "usual and customary" for the extraction of wisdom teeth in a dentist's office.  Williams requested a reevaluation of his claim; the request was denied.  Thereafter, Williams filed the instant action, alleging that his claim for benefits was

---

[1] 29 U.S.C. § 1001, *et seq.*

wrongfully denied.

The case was tried to a jury, resulting in a verdict for Williams. The parties stipulated to the amount, and the district court awarded Williams attorney fees, but less than that requested. The court entered judgment against Central Cartage Company. Central Cartage timely appealed and Williams cross-appealed.

**ANALYSIS**

Central Cartage contends that: (1) as the plan administrator it is not the proper defendant in a suit to recover benefits; (2) Williams does not have standing to bring this action because he assigned his rights; (3) the evidence does not support the jury's verdict; (4) Williams' failure to disclose x-rays during pre-trial discovery mandates a new trial; and (5) the court erred in awarding attorney's fees. In his cross-appeal Williams contends that the attorney's fees award is inadequate.

In the absence of evidence of a breach of fiduciary duty,[2] a judgment for the amount of benefits denied is against an employee benefit plan and "shall be enforceable only against the plan as an entity and shall not be enforceable against any other person...."[3] Because Williams did not seek damages greater than the

---

[2] 29 U.S.C. §§ 1104(a)(1), 1109(a) (providing cause of action against fiduciary, such as plan administrator, for breach of fiduciary duties).

[3] 29 U.S.C. § 1132(d)(2). **See also Todd v. AIG Life Ins. Co.**, 47 F.3d 1448 (5th Cir. 1995).

amount of benefits denied, we must agree with Central Cartage's contention that the district court erred in entering judgment against it, as the plan administrator. We cannot agree, however, with its suggestion that this bars Williams from receiving the relief obtained in this action. Rather, we accept the district court's findings and conclusion that Williams' complaint was against the Plan.[4] In light of the substance of the complaint and Central Cartage's participation in this action as the Plan's agent for service of process, sponsor and administrator, Williams' action actually was against the Plan and he is therefore entitled to recover from the assets of the Plan under 29 U.S.C. § 1132(d). Accordingly, we modify the district court's judgment against Central Cartage Company as the plan administrator to reflect judgment against the Central Cartage Company Employee Benefit Plan.[5]

We find Central Cartage's contention that Williams does not have standing to bring this action to be without merit. Williams' claim implicates the relationship between himself as beneficiary and the ERISA plan. Standing is manifest.[6] Notwithstanding Williams' initial assignment of his claim for benefits to the

---

[4] **See Hall v. Nat'l Gypsum Co.**, 105 F.3d 225 (5th Cir. 1997) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of a pleading is to facilitate a proper decision on the merits.").

[5] **Hall**, 105 F.3d 225.

[6] 29 U.S.C. § 1132(a).

hospital, the record reflects that he was responsible for the health care expenses at the time suit was filed.

Central Cartage also contends that the district court erred in denying its motion for judgment as a matter of law challenging the sufficiency of the evidence. In reviewing the denial of this motion, we view the evidence and all reasonable inferences in the light most favorable to the jury's determination.[7]  A verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did.[8]  Our review of the record persuades that Williams established a sufficient evidentiary basis for a reasonable jury to find that hospitalization for the extraction of his wisdom teeth was "reasonably necessary."  Specifically, Dr. Maldonado's uncontroverted medical testimony was that in circumstances such as Williams', where the surgery is risky because the teeth are impacted below the nerve and intravenous sedation is required for more than thirty minutes, hospitalization is required.  Dr. Maldonado further testified that general anesthesia is not done in the office and approximately 90 percent of his practice is hospital oriented.  The district court did not err by denying Central Cartage's motion for judgment as a matter of law and deferring the matter to the jury.

---

[7] **Rideau v. Parkem Indus. Services, Inc.**, 917 F.2d 892 (5th Cir. 1990).

[8] **Id.**

Central Cartage contends that the district court erred in denying his motion for new trial on the ground that Williams violated the Federal Rules of Civil Procedure by failing to disclose x-rays relating to Williams' surgery. We do not agree. When Dr. Maldonado was asked to testify using the x-rays, Central Cartage objected on the ground that the x-rays had not been disclosed prior to trial. The objection was sustained and the x-rays were not admitted into evidence. Dr. Maldonado was not permitted to testify about same and the jury was instructed to disregard any statements he made about them. Dr. Maldonado's testimony was limited to his operative report and diagnosis notes which had been made available to Central Cartage prior to trial. Accordingly, we conclude and hold that Central Cartage has failed to show that its rights were substantially affected, and we find no reversible error with respect thereto.[9]

Finally, both parties appeal the award of attorney's fees. Central Cartage contends that no fees are warranted, while Williams responds that the district court abused its discretion by reducing counsel's proposed hourly rate. The district court applied both the **Bowen**[10] factors and the loadstar calculation in determining the

---

[9] **Guillory v. Domtar Industries Inc.**, 95 F.3d 1320, 1329 (5th Cir. 1996) ("the district court is given wide discretion regarding evidentiary rulings", and such a ruling will not be disturbed "unless it affects a substantial right of the complaining party.").

[10] **Iron Workers Local No. 272 v. Bowen**, 624 F.2d 1255 (5th Cir. 1980).

amount to be awarded.[11]  Reviewing the same, we find and conclude that the district court did not abuse its discretion in its award of attorney's fees.

Judgment appealed is MODIFIED and as so modified is AFFIRMED.

---

[11] **Todd v. AIG Life Ins. Co.**, 47 F.3d 1448 (5th Cir. 1995).